# Commonwealth ex rel. v. Lewis, Auditor General, Appellant.

*Constitutional law—Auditor general—Duties of—Public officers —Act of June 7, 1923, P. L. 498—Advice of attorney general.*

1. A statute is not unconstitutional merely because it seriously changes the powers and duties of the auditor general, as given and imposed prior to the adoption of the Constitution of 1874, which, for the first time, made the office a constitutional one.

2. Powers and duties prescribed by legislation only may be altered by the legislature.

3. The duties imposed upon the auditor general and state treasurer by article III, section 12, of the Constitution, cannot be destroyed or seriously impaired by legislation.

4. The attorney general always has been the legal adviser of the State and of all its executive departments; sections 509, 902 and 903 of the Administrative Code of June 7, 1923, P. L. 498, only statutorily express this status as it existed long prior to the date of that act.

5. These sections of the code are constitutional, and are binding on all departments, boards, commissions and officers of the state government, howsoever elected or appointed.

6. Whether a department, board, commission or officer of the state government, voluntarily seeks legal advice from the attorney general, or compulsorily because of section 509 of the administrative code, he must, in state matters, follow the advice thus obtained, unless so doing would require him to give effect to a statute he believes to be unconstitutional; in this event he need not follow it.

7. Under the administrative code the only matters which a department, board, commission or officer of the state government is required to submit to the attorney general for his advice, are: (1) administrative questions of a legal nature affecting the harmony which should exist between two or more executive departments of the State: (2) doubtful legal questions, not theretofore passed upon by the courts or attorney general, which affect any state officer's

performance of his official duties; and (3) proceedings which have resulted or likely will result in litigation in which the State is interested.

Argued January 5, 1925. Appeal, No. 12, May T., 1925, by defendant, from order of C. P. Dauphin Co., Commonwealth Docket, 1924, No. 70, awarding writ of peremptory mandamus, in case of Commonwealth ex rel. Geo. W. Woodruff, Attorney General, v. Samuel S. Lewis, Auditor General. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Petition for writ of peremptory mandamus. Before HARGEST, P. J., WICKERSHAM and FOX, JJ.
     The opinion of the Supreme Court states the facts.
     Mandamus awarded in opinion by Fox, J. Defendant appealed.

*Error assigned* was order, quoting it.

*Henry C. Niles,* with him *Snyder, Miller & Hull,* for appellant.—A reasonable construction does not require the conclusion that the meaning of the legislature was that all judgment and discretion of the auditor general shall be transferred to the department of justice, according to whose imperative advice warrants must be drawn against the treasury.

If the legislature meant what is contended for by the relator, section 509 would be unconstitutional: Com. v. Snyder, 26 Dauphin Co. R. 294.

The decision of the auditor general regarding the legality of a payment out of the public treasury is quasi-judicial, the review and correction of which, if erroneous, is purely a judicial function which can, under our constitutional system, be performed only by the courts: Com. v. Snyder, 279 Pa. 234; Com. ex rel. v. Powell, 249 Pa. 144; Reid v. Smoulter, 128 Pa. 324.

The fundamental purpose in construing a constitutional provision is to ascertain and give effect to the intent of the framers and of the people who adopt it: Booth & Flinn v. Miller, 237 Pa. 297; Com. v. Harris, 13 Pa. Dist. R. 231.

*Wm. A. Schnader,* Special Deputy Attorney General, and *George W. Woodruff,* Attorney General, for appellee.—Many of the powers and duties of the attorney general are derived from the common law: Fergus v. Russell, 270 Ill. 304; Com. v. Koslowsky, 238 Mass. 379; Withee v. Fisheries Co., 120 Maine 121; Com. v. Burrell, 7 Pa. 34.

The powers and duties of the auditor general are derived exclusively from the state statutes: Com. v. Powell, 249 Pa. 144.

The Act of 1923 reënacting the Act of 1915, does not purport to invest the attorney general with judicial power.

The fact that the attorney general is an appointive officer, and the auditor general an elective one, is not controlling: Com. v. Burrell, 7 Pa. 34.

OPINION BY MR. JUSTICE SIMPSON, February 2, 1925:

The Commonwealth, by its attorney general, filed in the court below a petition alleging that the proper heads of several departments of the state government had sent to the auditor general, the defendant named in the proceedings, a number of requisitions for the payment, from legal appropriations, of certain lawfully incurred obligations due to creditors and employees of the State; that defendant had "failed and refused to settle and authorize [their] payment......[or] to enter the same in his books and to submit them to the state treasurer for revision and approbation," giving as his reason that "the payments requested by said requisitions [were] unlawful; that in each of the instances [referred to] a legal difficulty or dispute has arisen between the defend-

ant and the department whose requisition the defendant has refused to approve," which difficulties "it is the defendant's duty to refer to the department of justice, and, upon being advised......regarding such legal difficulties, to follow the advice of that department"; that the several department heads, the attorney general and the governor, each "frequently requested the defendant to submit the legal difficulties, which the defendant alleges prevent him from approving said requisitions, to the department of justice for advice (that department being ready and willing to give it), and to follow the advice ......when received; ......and that, until the questions raised by the conflicting views of the said heads of departments and of the defendant are decided, the business of the said departments cannot be properly conducted," and much difficulty has arisen and financial loss may result therefrom. The petition prayed "that a peremptory mandamus may issue......commanding the said Samuel S. Lewis, auditor general, to refer to the department of justice the legal difficulties which he alleges prevent him from approving the requisitions ......and to follow the advice given him in said matters by the department of justice according to law."

The auditor general filed a demurrer which, after argument, was overruled by the court below, and a decree was entered "that a writ of peremptory mandamus be now issued commanding the said Samuel S. Lewis, auditor general, to refer to the department of justice the legal difficulties or disputes mentioned in the petition of the relator and to follow the advice he may receive from the said department, unless the constitutionality of a statute or part thereof, affecting his official duty, is involved." Without further proceedings in the court below, the auditor general prosecuted the present appeal. Inasmuch as this litigation does not refer to any constitutional duty of the defendant, it follows that the single point we are called upon to decide is: Whether or not the auditor general is required, in the perform-

ance of his statutory duties, to refer to the department of justice disputes between him and other branches of the state government, and to follow the advice received from that department, unless those matters involve the constitutionality of any statute, or part thereof. In so far as our opinion goes beyond this restricted inquiry, it does so at the request of the litigants, in order that similar difficulties may be avoided, that state creditors, like all others, may have "right and justice administered [to them] without sale, denial or delay," and that harmony may reign where discord seems now to prevail.

Admittedly the solution of the question stated depends upon the constitutionality and true construction of sections 509, 902 and 903 of the Administrative Code of June 7, 1923, P. L. 498. In determining their constitutionality, it is a matter of no moment that they may seriously change the powers and duties of the auditor general, as given and imposed prior to the adoption of the Constitution of 1873, which, for the first time, made the office a constitutional one. As stated in Com. ex rel. Bell v. Powell, 249 Pa. 144, 158, in relation to both the auditor general and state treasurer: "While these officers are named in the Constitution, yet their duties are not therein defined. That was left to the legislature. That body did define the duties of these officers, prior to the present Constitution, in the Act of March 30, 1811, 5 Sm. L. 228, and it is suggested that in adopting the present Constitution the continuance of those duties was contemplated. It must be admitted, however, that, as the legislature originally prescribed those duties, it has power to alter them; and an act making such alteration cannot for that reason be held to be unconstitutional." The general language in the first sentence above quoted must, of course, be limited to classes of cases not within the purview of article III, section 12, of the Constitution, where express duties are imposed upon both of those officers, so far as concerns contracts for the "stationery, printing, paper and fuel used in the legis-

lative and other departments of government......and
the printing, binding and distributing of the laws,
journals, department reports, and all other printing and
binding, and the repairing and furnishing the halls and
rooms used for the meetings of the general assembly and
its committees." The present requisitions do not refer
to any of these matters, however, and hence this pro-
vision is only important in so far as the maxim expressio
unius est exclusio alterius may call upon the courts to
say that the enumeration of those duties operates to ex-
clude the idea that the people, in adopting the Constitu-
tion, intended that any others should be beyond legisla-
tive control: Com. v. Moir, 199 Pa. 534, 557; Provident
Life & Trust Co. v. Klemmer, 257 Pa. 91. It is, perhaps,
also of some importance that by article IV, section 1, of
the Constitution, the auditor general, like the attorney
general, is made part of the executive department of
the state government, of which (article IV, section 2)
the governor is "the supreme executive power." None
of the duties of either the attorney general or auditor
general, save as above stated, being specified in the Con-
stitution, all others must be, as appellant terms them,
merely "customary duties," and hence subject to legis-
lative control; for in such matters the power of the state
legislature is supreme, save in so far as it is controlled
by the Constitution: Com. v. Moir, supra. If existing
legislation and prior practice make the auditor general
and state treasurer "the watchmen of the treasury," as
appellant says, so also they make the attorney general
the legal adviser of the State, and of all its executive
departments, for this has always been his common law,
and therefore his "customary," duty (Com. v. Burrell, 7
Pa. 34; Com. v. Kozlowsky, 238 Mass. 379; Fergus v.
Russell, 270 Ill. 304), a conclusion recognized in section
6 of the Act of April 21, 1857, P. L. 266, 267, entitled
"An act relating to the office and duties of attorney gen-
eral," as then existing in this Commonwealth and now

clearly stated in the relevant sections of the Administrative Code. These sections are as follows:

"Section 509. Legal Advice and Services.—

(a) "Whenever any department, board, commission, or officer of the state government, shall require legal advice concerning its conduct or operation, or when any legal difficulty or dispute arises or litigation is commenced or to be commenced in which any department, board, commission, or officer is concerned, or whenever any taxes or other accounts of any kind whatever due the Commonwealth remain overdue and unpaid for a period of six months, it shall be the duty of such department, board, commission, or officer to refer the same to the department of justice, except as provided" in a certain other statute having no bearing on the present controversy.

(b) "It shall be the duty of any department, board, commission, or officer having requested and received legal advice from the department of justice regarding the official duty of such department, board, commission, or officer, to follow the same; and when any officer shall follow the advice given him by the department of justice, he shall not be in any way liable for so doing, upon his official bond or otherwise.

(c) "Except as heretofore in this section otherwise provided, it shall be unlawful for any department, board, commission, or officer of the Commonwealth to engage any attorney to represent such department, board, commission, or officer in any matter or thing relating to the public business of such department, board, commission, or officer without the approval in writing of the attorney general.

"Section 902. Legal Advice—The department of justice shall have the power, and its duty shall be:

"(a) To furnish legal advice to the governor and to all administrative departments, boards, commissions and officers of the state government, concerning any matter or thing arising in connection with the exercise

of the official powers or the performance of the official duties of the governor or such administrative departments, boards, commissions, or officers;

"(b) To supervise, direct, and control all of the legal business of every administrative department, board and commission, of the state government, except as otherwise provided in the act" referred to in section 509 (a), supra.

"Section 903. Litigation. The department of justice shall have the power, and its duty shall be:

"(a) To collect by suit or otherwise all debts, taxes, and accounts due the Commonwealth which shall be placed with the department for collection by any department, board, or commission. The department shall keep a proper docket or dockets, duly indexed, in which it shall make and preserve memoranda of all such claims, showing whether they are in litigation, and their nature and condition.

"(b) To represent the Commonwealth, or any department, board, commission, or officer thereof, in any litigation to which the Commonwealth or such department, board, commission, or officer may be a party, or in which the Commonwealth or such department, board, commission or officer is permitted or required by law to intervene or interplead."

Save as they tend to throw light on the meaning of section 509 (a) and (b), all the other provisions quoted may be excluded from consideration, for the question of the employment of private counsel is not involved; nor are the powers and duties of the attorney general, except in so far as they appertain to and are connected with the duties prescribed for appellant; nor has any litigation been begun because of the legal difficulties existing between appellant and the other departmental heads of the state government, or between him or the State and the creditors and employees entitled to be paid out of the requisitions which he refuses to honor.

The facts averred in the petition for a mandamus being admitted by the demurrer of appellant, for present purposes they may be epitomized as follows: Work having been performed for certain state departments and boards, the proper officers drew requisitions, for the payment thereof, from appropriations duly made for the purpose. The officers drawing the requisitions claim that they should be approved by the auditor general, but, for some unknown legal reason, he refuses to honor them, and also refuses to submit the matter to the attorney general for his advice, or to follow it, if given. Under these facts, since no question regarding the constitutionality of any statute is involved, Does section 509 (a) and (b) of the Administrative Code require appellant to refer any "legal difficulty or dispute" which may arise "to the department of justice" for advice and "to follow the same" when it shall have been received? The statute being constitutional, as we have already shown it is, the plain language of the paragraphs referred to compels an affirmative answer to that question. Section 509 (a) says that "when any legal difficulty or dispute arises......in which any department......is concerned......it shall be the duty of such department ......to refer the same to the department of justice." As already pointed out, the Constitution makes the auditor general an integral part of the executive department of this Commonwealth, and section 201 of the Administrative Code (P. L. 1923, page 505) does likewise, for the purposes specified in that statute, among them being the matter now under consideration. Evidently the reason for requiring such legal difficulties or disputes to be referred, was to obtain the advice of the department of justice in regard to them. It cannot be supposed the legislature intended that the asking should be perfunctory, and the advice, when received, could be cast aside as valueless. The whole tenor of the statute is to the contrary, and to adopt such conclusion would be to charge the legislature with directing a useless and

foolish thing, a result which no coördinate branch of the government would ever assert, unless no other course was open to it. Besides, to so hold would result in lessening the essential powers and duties of the attorney general as theretofore existing, without anything in the act even suggesting the possibility of such a purpose. We can see no escape, therefore, from the conclusion that section 509 (a) covers two things (1) an authority to ask legal advice whenever desired, and (2) a compulsion to request it when "any legal difficulty or dispute arises......in which any department......is concerned." In each of the present disputes, at least two departments are concerned. The conclusion above stated being correct, section 509 (b) expressly provides that "it shall be the duty of the department,......having requested and received [such] legal advice from the department of justice regarding the official duty of such department,......to follow the same," unless, as the court below specifies in its judgment, "the constitutionality of a statute or part thereof, affecting his [appellant's] official duty, is involved."

It is further contended that the making of this exception clearly points to the error of the judgment, since a question regarding the constitutionality of a statute is at least as much a "legal difficulty or dispute," as one regarding its meaning. In a government without a written constitution, it would be difficult to answer the logic of this argument. It was considered at great length by the present Chief Justice, when sitting in the lower court, in Com. v. Mathues, 210 Pa. 372, 380 to 390, and his reasoning, which led him to the same conclusion as that reached by the court below in the instant case, has never been answered. Nor can it be; for, by article VII of the Constitution, appellant was required to, and of course did, "solemnly swear [or affirm] that I will support, obey and defend the Constitution of the United States, and the Constitution of this Commonwealth." This, therefore, is his constitutional duty,

overthrowing any antagonistic obligation attempted to be imposed by legislation. If we could find an interpretation for the Administrative Code which would require an executive officer to do an unconstitutional thing (which we cannot see in it, however), we would be compelled to so interpret it, if possible, as to exclude that result (Carr v. Ætna Accident & Liability Co., 263 Pa. 87) ; happily its reasonable construction does this.

Appellant further contends that the effect of the decision below is to "strip the office of auditor general of all its essential powers and duties. He will promptly be reduced to the position of chief clerk of a bureau of revenue and disbursement of the department of justice." The only merit of such a statement is its picturesqueness. If we were to assume that every possible legal question which might occur, would have to be submitted to the attorney general, there would still remain the wide field regarding questions of fact, constantly arising in the performance of the auditor general's duties, and in applying the law (whether stated by the attorney general, or otherwise ascertained) to the facts as found. Moreover, it is not every question of law which will, simply because it has arisen, have to be submitted to the department of justice. The statute is to be reasonably construed, so as to give effect to "the remedy and the true reason of the remedy......as near as may be to the common law" (Com. v. Burrell, 7 Pa. 34) and, we may add, to previous long-continued governmental practice; determining what was intended only after considering what was the old law and the mischief arising under it, which the legislature intended to remedy by the statute. Thus considered we see nothing in the Administrative Code which authorizes the attorney general to intrude upon the department of the auditor general, or compels the latter to submit to the former every question of law which arises in the ordinary transaction of the duties of the office.

As pointed out by the Dauphin County Court in Com. ex rel. Att'y General v. Snyder, 26 Dauphin Co. R. 294, 299: "The Administrative Code is not inconsistent with the Act of 1811 [which is the contention of appellant now being considered]. Both can be enforced together harmoniously. The former does not repeal the latter or any part thereof, except that section specifically mentioned, viz. 25." This is in keeping with our conclusion in Com. ex rel. Att'y General v. Snyder, 279 Pa. 234, that the code relates to administrative matters only; recognizing which, appellee admits that "It is only when a 'legal difficulty or dispute' arises that the legislature has directed state officers to lay the same before the department of justice for advice. We do not contend [he continues]—and there is no basis upon which we could contend—that every settlement of the auditor general, in which the law must be applied, requires a consultation with the attorney general. After the courts or the attorney general have flatly passed upon a legal problem, it is of course proper for the auditor general to apply the decision of the court, or the opinion of the attorney general, to a subsequent case in which the same question is involved. In such a case there is not a 'legal difficulty,' and should there be a 'legal dispute' as to the applicability of the former decision or opinion to the new situation, the submission of that question to the attorney general could not possibly embarrass the auditor general, or deprive him of what are properly his essential functions."

We are convinced, from a consideration of the entire code, that, aside from asking advice when it is desired, the only matters which are required to be submitted to the attorney general, are (1) administrative questions of a legal nature affecting the harmony which should exist between two or more of the executive departments of the State; (2) doubtful legal questions, not theretofore passed upon by the courts or the attorney general, which affect any state officer's performance of his official

duties; and (3) proceedings which have resulted or likely will result in litigation in which the State is interested.

The judgment of the court below is affirmed.