## Release of Tax Liens.

*Tax liens — Power of Auditor General — Acts of March 30, 1811, and June 15, 1911.*

There is nothing in the Acts of March 30, 1811, 5 Sm. Laws, 228, and June 15, 1911, P. L. 955, relating to the powers and duties of the Auditor General, or any other statute, granting him power to release portions of the land of a taxpayer from the lien of taxes duly settled, even though the taxpayer may have very large holdings amply sufficient to protect the State.

Department of Justice. Opinion to Hon. J. Lord Rigby, Revenue Deputy, Auditor General's Department.

MOYER, Dep. Att'y-Gen., Aug. 30, 1926.—You have advised this department that on various occasions requests have been made of the Auditor General to

Release of Tax Liens.

release portions of land from the lien of taxes duly settled in your department in cases where the taxpayer had other large holdings amply sufficient to protect the State. You ask for an opinion as to the right of the Auditor General to release lands of a taxpayer from a lien of taxes under such circumstances.

In determining this question, it is necessary to look to the powers and duties of the Auditor General under the Constitution and the statutory laws of this Commonwealth. The Supreme Court said in Com. ex rel. Bell *v.* Powell, 249 Pa. 144, 158, in relation to both the Auditor General and State Treasurer: "That while these officers are named in the Constitution, yet their duties are not therein defined. That was left to the legislature. That body did define the duties of these officers, prior to the present Constitution, in the Act of March 30, 1811, 5 Sm. Laws, 228, and it is suggested that in adopting the present Constitution the continuance of those duties was contemplated. It must be admitted, however, that, as the legislature originally prescribed those duties, it has power to alter them; and an act making such alteration cannot for that reason be held to be unconstitutional." As stated by the Supreme Court in Com. ex rel. *v.* Lewis, 282 Pa. 306, the general language in the first sentence above quoted must be limited to classes of cases not within the purview of article III, section 12, of the Constitution, where express duties are imposed upon both these officers so far as concern certain contracts, which particular matters have no application here. Consequently, if there is power within the Auditor General to release portions of land from the lien of taxes duly settled in his department, it must be derived from the statutes of the Commonwealth. If the statutes do not confer the power, it does not exist.

The Act of March 30, 1811, 5 Sm. Laws, 228, relates to the powers and duties of the Auditor General and State Treasurer in the settlement of public accounts and the payment of public moneys. In section 12 thereof, it is provided that the amount or balance of every account, settled according to the provisions of this act, due to the Commonwealth "shall be deemed and adjudged to be a lien from the date of the settlement of such account on *all* of the real estate of the person or persons indebted, and on his or their securities throughout this Commonwealth."

Section 1 of the Act of June 15, 1911, P. L. 955, provides, *inter alia,* that "All State taxes imposed under the authority of any law of this Commonwealth now existing or that may hereafter be enacted, and unpaid bonus, interest, penalties and all public accounts settled against any corporation, company, association, joint-stock association or limited partnership, shall be a first lien upon the franchise and property, both real and personal, of such corporation, company, association, joint-stock association or limited partnership from the date when they are settled by the Auditor General and approved by the State Treasurer. . . ." The lien thus provided to the Commonwealth is clearly upon *all* the property, both real and personal, of the corporation, company, association, joint-stock association or limited partnership against which the accounts are settled. I find nothing in these statutes, or in any statutes of the Commonwealth, granting power to the Auditor General or State Treasurer to release portions of land from the lien of taxes duly settled in your department. You are accordingly advised that the Auditor General is without power to release portions of land from the lien of taxes duly settled in your department, even though the taxpayer may have, as you have stated, very large holdings amply sufficient to protect the State.

From C. P. Addams, Harrisburg, Pa.