## Credit Reports

RENO, Attorney General, May 11, 1939.—You have requested an opinion from this department relative to the expenditure of your funds for obtaining credit reports on accounts delinquent.

You have advised us that your department has many small accounts, such as in the amounts of $5 or $10, and that the information required by the Department of Justice to assist it in collecting these sums cannot be furnished by your employes.

Section 512 of The Administrative Code of April 9, 1929, P. L. 177, 71 PS §192, inter alia, is as follows:

". . . whenever any taxes or other accounts of any kind whatever due the Commonwealth remain overdue and unpaid for a period of ninety days, it shall be the duty of such department, board, commission, or officer, to refer the same to the Department of Justice.

"It shall be the duty of any department, board, commission, or officer, having requested and received legal advice from the Department of Justice regarding the official duty of such department, board, commission, or officer, to follow the same, and, when any officer shall follow the advice given him by the Department of Justice, he shall not be in any way liable for so doing, upon his official bond or otherwise. . . .

"It shall be unlawful for any department, board, commission, or officer, of the Commonwealth, to engage any attorney to represent such department, board, commission, or officer, in any matter or thing relating to the public business of such department, board, commission, or officer, without the approval in writing of the Attorney General."

Another reference to the collection of accounts will be found in section 903 of The Administrative Code of 1929, supra. The pertinent provision of this section is as follows:

"Litigation.—The Department of Justice shall have the power, and its duty shall be:

"(a) To collect, by suit or otherwise, all debts, taxes, and accounts, due the Commonwealth, which shall be placed with the department for collection by any department, board, or commission. The department shall keep a proper docket or dockets, duly indexed, in which it shall make and preserve memoranda of all such claims, showing whether they are in litigation and their nature and condition."

The aforementioned provision is a mere reiteration of the powers and duties of the Department of Justice which existed prior to the enactment of The Administrative Code of 1929.

It is pertinent at this time to call your attention to the well-known case of Commonwealth ex rel. v. Lewis, etc., 282 Pa. 306 (1925).

In that case, the Supreme Court, after interpreting provisions similar to those set forth above, which were incorporated in The Administrative Code of June 7, 1923, P. L. 498, stated that the department which voluntarily seeks the assistance of the Attorney General, or compulsorily because of the provisions of the act, is bound by the assistance or advice given in regard to administrative matters. This case is cited solely for the proposition that in the event that you hand over an account to the Department of Justice your connection therewith ceases and the responsibility of collection remains with the Department of Justice alone. You cannot enlist the aid of any credit association after the 90-day period has elapsed.

Construing the above section of the code in the light of the Lewis case, supra, it is evident that in the event

that your department is unsuccessful in realizing upon the accounts within the 90-day period, it is incumbent upon your department to forward the same to the Department of Justice for collection. Thereafter, the matter falls within the jurisdiction of the Department of Justice and your department is exonerated from any liability arising thereunder.

The objection which you have advanced to a compliance with The Administrative Code, briefly, is that due to the smallness of the account it is expensive for the Department of Justice to set in motion its collection activities.

In order to circumvent this difficulty, in the future, as a matter of policy, may we suggest that, prior to the execution of any lease, you authorize a brief examination and investigation of the assets, liabilities, and reputation of your proposed tenant. To assist you, you may have a credit report as you suggest. Thereupon you, if satisfied of his qualifications, should then demand *in advance* the rent guaranteed by the provisions of the lease. You will thereby anticipate any possible defalcations and obviate the necessity of attempting to collect that which is uncollectible.

However, in regard to those cases which *now* vex you because of the delinquency of the accounts, if you are of the opinion that the amounts are sufficiently large and that the same may possibly be collected by this department, may we suggest that you follow the procedure as exacted by the Department of Justice, to wit: send a responsible employe of your department to the courthouse of the county in which the tenant resides and have him make a brief search as to what property is owned by the tenant and what mortgages or judgments are entered of record against him. This is not difficult and can be done with the aid of the local courthouse officials.

In these cases, it would be unavailing to utilize local credit agencies as you suggest because of two reasons:

1. The agencies merely advise you of the person's credit rating and do not reveal the amount or quantity of his assets.

2. You are sending good money after bad money, which is not a good policy.

On the other hand, if, after a review of the delinquent accounts, you are of the opinion that the amounts involved are too minute, we suggest that you then follow your regular procedure and forward these accounts to this department with your recommendations, and we will then advise you whether you should charge them off as uncollectible.

We entertain no doubt that the expenditure for a credit report prior to the execution of the lease is a proper and legitimate expense in connection with the powers and duties of your department. Sections 1802, 1803, and 1806 of The Administrative Code of 1929 authorize the leasing of State property under the jurisdiction of your department. These powers and duties do not countenance the leasing of State property to impecunious persons, which will later necessitate legal proceedings. To satisfy yourself of the financial responsibility of your proposed tenants is a necessary and proper incident to the power and duty to lease.

As a recapitulation, therefore, we are of the opinion and so advise you that:

1. Before you enter into leases with prospective tenants who may, or probably will, cause you difficulty, you may have a credit rating made by local authorities. The expenditure therefor is a proper item.

2. In the event you decide to lease State premises to these proposed tenants, have them pay in advance, in accordance with the terms of your lease, and do not permit them to default on renewals.

3. In those cases in which the sum or sums of money owed is comparatively large and from your experience with these individuals you are of the opinion that the prospects of being reimbursed are favorable, then, after

the account has been handed over to this department for collection, comply with our recommendations and have your employes make an examination in the local counties of the tenants' real estate holdings and, likewise, have a brief mortgage and judgment search made.

4. In those cases in which the amount of delinquency involved is a very small amount and for reasons disclosed by your investigation the chance of collecting the delinquent account has been reduced to a negligible quantity, forward these items to this department with your recommendations on the matter and we will then advise you whether to charge these items from your records as uncollectible.