## Examination of Intoxicated Drivers

RUTTER, Deputy Attorney General, February 29, 1940. —You have requested this department to advise you whether a person accused of operating a motor vehicle while under the influence of intoxicating liquor may constitutionally be compelled to submit to examination by a physician. Your inquiry states that the proposition has

been advanced that to require such examination without the permission of such accused person, after he has been informed of the charge against him, violates the accused's rights under article I, sec. 9, of the Constitution of the Commonwealth of Pennsylvania.

Nowhere in The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §1 et seq., is there any provision requiring a person accused of operating a motor vehicle while intoxicated to undergo an examination such as that described above. The Vehicle Code, supra, does, of course, in article VI, sec. 620, as amended, 75 PS §231 (f), make it unlawful for anyone to operate a motor vehicle while under the influence of intoxicating liquor; but the only reference to an examination such as you mention is in section 1207 of article XII of The Vehicle Code, as amended by the Act of June 29, 1937, P. L. 2329, 75 PS §737 (a). This reference is, in part, as follows:

"all fines and penalties collected, and all bail forfeited for violations of . . . section . . . (620), [cited supra] shall be paid to the treasury of the county wherein the violation occurred, to be used by such county *for the payment of physicians' fees for the examination of persons accused of violating the provisions of the said section."* (Italics supplied.)

As a result, we are not confronted with the necessity of ruling upon the constitutionality of any portion of The Vehicle Code, or of any other act of assembly. And, in any event, it is not the proper function of the Department of Justice to pass upon the constitutionality of legislation: Dairy & Food Commissioner's Office, 32 Pa. C. C. 520 (1906) ; In re Berks County Jail, 13 Dauph. 49, 36 Pa. C. C. 689 (1909) ; Mothers' Pensions, 41 Pa. C. C. 216 (1913) ; Commonwealth ex rel. v. Lewis, etc., 282 Pa. 306 (1925).

The question resolves itself, therefore, into one of whether the Pennsylvania Motor Police may constitutionally require a person, accused as aforesaid, to submit involuntarily to the examination hereinbefore described.

Research has revealed only one case in Pennsylvania dealing with the subject of inquiry, and that occurred in the criminal courts of Montgomery County: Commonwealth v. Cox, 10 D. & C. 678 (1927). In this case, defendant had been arrested for driving an automobile while under the influence of liquor, in violation of section 23 of the Act of June 30, 1919, P. L. 678. After his arrest, he was examined by a physician, who testified at the trial that in his opinion defendant was under the forbidden influence. The doctor admitted that without the examination he could not have so testified; and that he had not warned the accused that whatever he (the accused) might say or do under examination could be used against him later. The contention was made by defendant that the admission of the physician's testimony at the trial compelled defendant to give evidence against himself in violation of article I, sec. 9, of the Constitution of the Commonwealth, which provides, in part:

"In all criminal prosecutions the accused . . . cannot be compelled to give evidence against himself. . . ."

It should be noted here that the Fifth Amendment to the Federal Constitution (U. S. C., Const., Part 2, p. 504), that no person ". . . shall be compelled in any criminal case to be a witness against himself . . .", is not involved in our decision because that amendment applies only to the National Government: Twining v. State of New Jersey, 211 U. S. 78, 53 L. ed. 97 (1908).

The court found, in the Cox case, from the evidence as a whole, that defendant had submitted to the examination *voluntarily*. However, by way of obiter dicta, the court went on to say that whatever defendant disclosed against himself during the physician's examination was not evidence within the meaning of the Pennsylvania Constitution; that the word "evidence" in article I, sec. 9, supra, means "testimony"; and that the word "testimony" means speaking or discourse, or voluntary signs, by the accused. The court said further in Commonwealth v. Cox, supra, at page 686:

"The prohibition of compelling the accused in a criminal prosecution to give evidence against himself is a prohibition against the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when such body is material."

Consequently, said the court, an examination by a physician of a person accused of operating a motor vehicle while under the influence of intoxicating liquor, whether consented to or not, does not violate article I, sec. 9, of the Constitution of Pennsylvania. As indicated above, this is not a decision, for the point was not at issue in the Cox case: it is pure dicta; but the opinion may be taken as an expression of the average judicial viewpoint.

In an able opinion by Schaeffer, P. J., the Berks County court held in Commonwealth v. Rocci, 9 D. & C. 389 (1926), that finger-prints of a defendant in a criminal case, obtained under compulsion, were admissible as evidence without violating article I, sec. 9, supra. See also Ladd and Gibson on The Medico-Legal Aspects of the Blood Test to Determine Intoxication, 24 Iowa L. R. 191 (1939).

No useful purpose would be served by reviewing the numerous cases and authorities cited and quoted in the decisions hereinbefore cited. Suffice it to say that they support the conclusions reached herein. At the same time, cognizance is taken of the fact that on January 3, 1940, the Attorney General of Illinois ruled that a person accused of causing the death of another cannot lawfully be compelled to submit to a blood test for the purpose of ascertaining whether he was intoxicated at the time he is supposed to have caused such death.

Both on reason and authority, it would be a strained construction of article I, sec. 9, of the Commonwealth's Constitution, to hold that a compulsory medical examination of a person accused of driving a motor vehicle while under the influence of intoxicating liquor is forbidden by it; and, in our opinion, such examination is not so prohibited. The rights, constitutional or otherwise, of

the thousands of motorists lawfully using our highways, to be secure in their persons and property, and the enjoyment thereof, from the menace of the drunken driver, certainly transcend the right, constitutional or otherwise, of the drunken driver not to be compelled to testify against himself.

It should be noted, of course, that this opinion does not comprehend, nor rule upon, the question of whether evidence obtained by compulsory examination, as herein discussed, is admissible in the courts.

It is the opinion of this department, therefore, and you are accordingly advised, that compulsory examination by a physician of a person accused of operating a motor vehicle while under the influence of intoxicating liquor is not a violation of such person's rights under article I, sec. 9, of the Constitution of the Commonwealth of Pennsylvania.