## Attorney General's Powers

RUTHERFORD, Deputy Attorney General, May 11, 1942.—This department is in receipt of your communication of October 31, 1941, requesting our advice relative to your reimbursement procedure. You inquire: (1) Whether the Attorney General or any other official of the Commonwealth has the authority to release the Commonwealth's right in the lien of any judgment against real estate of the judgment debtor upon payment to your department of a part or the whole of the sale price; (2) whether the Attorney General or any other official of the Commonwealth has the authority to postpone the lien of any judgment of the Commonwealth against real estate of the judgment debtor; (3) whether the Commonwealth can convey title to a prospective purchaser if it has taken a voluntary deed from the debtor for property against which the Commonwealth held a judgment in satisfaction of the Commonwealth's claim for reimbursement, in lieu of obtaining title by execution or foreclosure under the Act of May 29, 1931, P. L. 214.

It is well settled that the Attorney General, in addition to his statutory powers, has broad common-law powers: Commonwealth ex rel. v. Lewis, Auditor General, 282 Pa. 306 (1925) ; Commonwealth ex rel. v. Margiotti, 325 Pa. 17 (1936) ; People v. Miner, 2 Lans. (N. Y.) 396, 398; 6 C. J. 809, 810, §13; 2 R. C. L. 915, sec. 4. Among these broad common-law powers is the power of prosecuting civil suits to judgment, including the compromising of claims, the discontinuance of suits, or satisfaction of judgments and the release, modification, or postponement of judgments. See above-cited cases and authorities.

As to the problem of conveyance of title to real estate by the Commonwealth to a prospective purchaser, we would state that public officials have only such authority as is given them by the Constitution, statutes, or common law.

The Act of May 29, 1931, P. L. 214, 72 PS §1412, declares the method whereby the Commonwealth may take title to property in order to protect the lien of a judgment and convey title by providing in sections 1 and 3 as follows:

"Section 1. Be it enacted, &c., That at any judicial sale of any property upon which the Commonwealth, or any department, board, or commission thereof, holds a mortgage or has a lien or liens of any nature whatsoever arising out of unpaid taxes, bonus, interest, penalties, or any other public account, the Commonwealth, acting through the Department of Justice, is hereby authorized and empowered to bid in such property, if necessary, for the protection of its interest. Title shall be taken in the name of the Commonwealth."

"Section 3. . . . the Department of Justice is hereby authorized and directed to execute and deliver a deed or other appropriate document conveying or transferring the property. Any such conveyance or transfer shall be free and clear of all liens and encumbrances in favor of the Commonwealth, except the lien of a pur-

chase money mortgage, if any, contemporaneously executed and delivered to the Commonwealth."

Section 514 of The Administrative Code of April 9, 1929, P. L. 177, prohibits the Commonwealth or its officials, with certain exceptions, from conveying real estate by providing that no department, board, or commission shall sell or exchange any real estate belonging to the Commonwealth without specific authority from the General Assembly so to do. If title to real estate is taken in the manner prescribed by the Act of 1931, supra, the Commonwealth, by the Department of Justice, is authorized to convey or transfer such real estate free and clear of all liens and encumbrances of the Commonwealth. See section 3 of said act. If title to real estate is acquired in any other manner, title cannot be conveyed to the purchaser without legislative authority.

Nothing herein contained is to be construed as prohibiting the Commonwealth from taking a deed from the execution debtor in compromise of a claim or judgment. What we do hold is that legislative action is necessary to convey title to real estate.

In view of the foregoing, we are of the opinion, and you are accordingly advised, that (1) and (2) of the Commonwealth's officials, the Attorney General, under his common-law powers, is vested with authority to satisfy, release, modify, or postpone the lien of a judgment of the Commonwealth; (3) because of the prohibition contained in section 514(a) of The Administrative Code of 1929, supra, neither the Attorney General nor any of the officials of the Commonwealth can, without express statutory authority, convey title to a prospective purchaser. If the Commonwealth takes property by purchase at a judicial sale, the Commonwealth of Pennsylvania, by the Department of Justice, can convey a title as prescribed by section 3 of the Act of May 29, 1931, P. L. 214, 72 PS §1412. Nothing herein contained is to be construed as prohibiting the Commonwealth from taking a deed from the execution

debtor in compromise of a claim or judgment. What we do hold is that legislative action is necessary to convey title to real estate.