## City Planning Commission v. Dunlap

*David Berger*, City Solicitor, for plaintiff.

*Foster A. Dunlap*, for defendant.

PER CURIAM, August 10, 1956.—This is an action in mandamus to compel defendant, .the Controller of the City of Philadelphia: (1) To approve the payrolls of four named employes; (2) to order the city treasurer to issue the checks; (3) and prays for an order directing defendant to recognize, honor and be bound by the opinions of the city solicitor; and (4) general relief. Defendant answered. Plaintiffs then filed a motion for summary judgment.

The initial controversy arose over the refusal of the personnel director to allow access to auditors of the controller's office to the files and records of the personnel office. The controller sought to determine the validity of the certification of certain employes appearing on the city payroll.

On May 31, 1956, the chairman of the civil service commission requested the city solicitor to determine the scope of the access of the controller to the records of the personnel department. In formal opinion no.

188, the city solicitor ruled that the controller's power is restricted to an examination of fiscal records, that supporting documents are beyond the area of the controller's function. The controller refused to be bound by the opinion; indeed the controller refused to meet with the city solicitor to assist in disposing of the controversy over access to personnel records.

The narrow question for disposition is whether or not the city controller is bound by the opinions of the city solicitor. The answer to the question lies in the provisions of the city charter. Section 4-400(a) of the charter provides that the law department ". . . shall furnish legal advice to the Mayor, to the Council and to all officers . . . concerning any matter or thing arising in connection with the exercise of their official powers or performance of their official duties and except as otherwise expressly provided, shall supervise, direct and control all of the law work of the City".

Section 8-410 of the charter provides whenever any legal question or dispute in connection with the official duties of any officer or department arises, "it shall be the duty of such officer . . . to refer the same to the Law Department". This section also makes it the duty of the officer to follow the advice and relieves the officer of personal responsibility when he does. Sections 4-400(a) and 8-410 correspond to almost similar provisions in The Administrative Code of April 9, 1929, P. L. 177. It follows, therefore, on the narrow question presented that this question is controlled by the holding in Commonwealth ex rel. v. Lewis, 282 Pa. 306.

The gist of the controller's argument is that, since he has quasi-judicial functions as well as ministerial duties, in the exercise of his judicial or discretionary function he cannot be bound by the city solicitor's interpretation of the law. He further argues that the

decision of the city solicitor unduly restricts his functions and, therefore, is to that extent violative of substantive law. We shall consider the points seriatim.

Section 6-400 of the charter provides, inter alia: "The Auditing Department shall have the power and its duty shall be to . . . (a) . . . examine and approve or disapprove all requisitions submitted to it through the Director of Finance . . .".

This provision obviously confers on the controller preaudit functions. The key language is "examine and approve"; it could be construed to mean an examination as to form, an examination as to whether or not money is available in the proper appropriation or some other meaning limited exclusively to bookkeeping matters. However, the language has been construed to mean the power to ascertain the propriety of the requisition; this power is broad enough to enable the controller to exercise his discretion and in a proper case to disapprove the requisition: Dechert v. Commonwealth, 113 Pa. 229. In that case the court held that in addition to ministerial powers, the controller has discretion to determine whether or not there is cause for disapproval of requisitions presented to him for approval.

Assuming that the controller disapproves a requisition for cause, is his judgment final? When the controller determines to disapprove a requisition, it must be based on facts, and the propriety of his disapproval then becomes an issue of the law applicable to the facts. In the final analysis the conclusion is one of law, with the court as the final arbiter. We can conclude as a matter of law that the controller's decision is not final; it follows that the controller's discretion is not unchecked: Dechert v. Commonwealth, supra. After the controller has exercised his discretion, so that the question is now one of law, to whom shall the legal question be referred? The logical and reason-

able conclusion is a reference of the controversy to that tribunal which has been established by law to determine the issue or issues raised by the act of the controller.

The courts are manifestly capable of deciding such controversies. However, the framers of the charter in an effort to avoid confusion and multiplicity of suits, needless and expensive litigation, determined that all legal questions which arise in city government could and should be determined ab initio within the administrative framework of the city government. This comports with the State policy enunciated in The Administrative Code of April 9, 1929, supra, and affirmed in Commonwealth ex rel. v. Lewis, supra.

The officer entrusted with this responsibility in the city administration is the city solicitor. As a matter of law the controller is obligated to refer all legal questions or disputes to the city solicitor: Section 8-410 of the charter. No additional authority need be cited; the language is clear and incapable of any other construction. In Lennox v. Clark, 372 Pa. 355, the court viewed with approbation section 8-410 and section 4-400(a) of the charter, and sustained the provision of the charter against the employment of outside counsel on behalf of various departments of the city government.

Here a dispute of sorts has arisen between the controller and the civil service commissioner. The matter was one properly referred to the city solicitor. The refusal of the controller to present the facts upon which he based his judgment is not conducive to the proper functioning of government; in this aspect the controller erred. Because all the facts were not available to the solicitor, it might be advisable to reconsider formal opinion no. 188. The opinion seemingly denies to the controller access to records which are open to public

inspection: Civil Service Regulations 25.04. The city controller is at least a member of the public. However, we are not concerned with the merits of the opinion because the opinion itself is not before us.

When the controller has determined from the facts available to him that he cannot approve a requisition, it is his duty to refer the matter to the city solicitor so that a legal opinion as to the propriety of his judgment may be had. The city solicitor is entitled to have all the information before him. The exhibits attached to the complaint indicate a reluctance on the part of the controller to disclose the facts. That reluctance places the controller in an awkard position to complain that the opinion of the solicitor is arguable.

Our consideration of the matter leads to the following conclusions. The city controller has discretion; his duties are not merely ministerial. When he exercises that discretion, he then has a duty to refer the legal issue involved to the city solicitor; he should fully present the reasons for his action, thus enabling the law officer to reach a just and proper conclusion on the merits; after obtaining a legal opinion he is bound to honor it and act accordingly.

Since the city solicitor ruled in this matter that the controller's access to records is limited, the controller has no alternative but to honor that decision, even though the ruling may legally be defective or not in accordance with the facts. The city solicitor's opinions are not final either and may be properly tested in the courts, but the controller is not empowered by law to contest the opinion first had and obtained.

The controller has exhausted his functions when he has made an initial determination; for the purpose of the controller's duties, the city solicitor is the final arbiter until and unless a ruling of the city solicitor is overruled by proper authority.